UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRANT WILLIAM CZUJ,

               Petitioner,

                                          CASE NO. 2:10-CV-10392
v.                                    HONORABLE ARTHUR J. TARNOW

MARY BERGHUIS,

               Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

**I.**    **Introduction**

      This is a federal habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Grant Czuj ("Petitioner") challenges his convictions for operating a water vessel under the influence of liquor and causing death, MICH. COMP. LAWS § 324.80176(4) ("OUIL causing death"), negligent homicide, MICH. COMP. LAWS § 324.80172, operating a water vessel under the influence of liquor and causing a serious impairment of a body function, MICH. COMP. LAWS § 324.80176(5) ("OUIL causing serious impairment"), and negligent crippling, MICH. COMP. LAWS § 324.80172, which were imposed following a jury trial in the Livingston County Circuit Court in 2006. He was sentenced to concurrent terms of 8 years 4 months to 15 years imprisonment on the OUIL causing death conviction, 3½ to 5 years imprisonment on the OUIL causing serious impairment conviction, and 1 year 4 months to 2 years imprisonment on the negligent homicide and negligent crippling convictions in 2007.

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

In his pleadings, Petitioner raises claims the admission of other acts evidence, the conduct of the prosecutor, the jury selection process, and the jury instructions. For the reasons set forth, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability.

## II.    Facts and Procedural History

Petitioner's convictions arise from a deadly boating accident on Zukey Lake in Livingston County, Michigan on July 23, 2005. The Court adopts the statement of facts set forth by the Michigan Court of Appeals on direct appeal, which is presumed correct on habeas review. *See* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009). Those facts are as follows:

> Defendant drove his speedboat from Strawberry Lake to Zukey Lake[FN1] around midnight one night. Devil's Basin, in which a wake is not permitted, connects the two lakes. As defendant exited Devil's Basin and entered Zukey Lake, he accelerated, reaching a speed of less than 20 miles an hour to 40 miles an hour, as estimated by eyewitnesses and expert witnesses. Defendant approached a speedboat and a pontoon boat that were tied together and drifting on a sandbar. Defendant's boat struck the two boats, and one of the occupants of the boats was thrown into the water and died of multiple blunt force injuries and drowning. Another occupant of the boats sustained severe injuries, and several others sustained minor injuries.
>
> [FN1] Zukey Lake is misspelled throughout the trial transcripts as "Zuki Lake."
>
> Witnesses reported that the moon was full and bright on the night of the accident and that the skies were clear. Testimony varied regarding whether the lights of the two boats were illuminated. Some reported that the pontoon boat had its navigational lights on. However, some witnesses recalled that the pontoon boat did not have any lights on, and the driver of the pontoon boat explained that he had been experiencing battery trouble and had turned off the navigational lights about five minutes before the accident. Some witnesses reported that the speedboat had its navigational lights on, but one asserted that these lights were not on. Several witnesses recalled that the

2

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

blue interior ground lights of the speedboat were on, and one witness recalled that
the speedboat's spotlight was illuminated.

Defendant admitted to a police officer that he had drunk six beers within a four to
five hour period, and two of his passengers estimated that he had drunk between four
and eight beers. Two of defendant's passengers believed that defendant was drunk,
but one of them claimed that he was not concerned about defendant's driving.
Another passenger told defendant to slow down, and one passenger saw the two
other boats and yelled to defendant right before they struck them. Defendant told a
nurse at the hospital that he had looked away from the water to pick up some
compact discs, and when he looked back at the water, he struck the boats.
Defendant's blood alcohol content (BAC) almost three hours after the accident was
.084 grams per 100 milliliters. Using retrograde extrapolation, an expert witness
opined that defendant's BAC was between .103 and .119 at the time of the accident.

*People v. Czuj*, No. 276581, 2008 WL 4330191, *1 (Mich. Ct. App. Sept. 23, 2008) (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the

Michigan Court of Appeals raising several claims of error, including the claims presented on federal

habeas review. The court denied relief and affirmed Petitioner's convictions. *Id*. Petitioner filed

an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard

order. *People v. Czuj*, 483 Mich. 962, 763 N.W.2d 917 (2009).

Petitioner, through counsel, thereafter filed his federal habeas petition raising the following

claims as grounds for relief:

I.     Admission of Petitioner's prior OUIL arrest and evidence of other
       intoxication was not harmless but rather had a substantial and injurious effect
       upon the jury's verdict.

II.    The prosecutor's comment on Petitioner not having testified was
       fundamentally unfair and constituted flagrant misconduct.

III.   Petitioner was denied his right to a fair and impartial jury when the trial court
       failed to grant his request for additional peremptory challenges and
       erroneously excused two jurors.

3

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

IV.    The jury instruction with respect to superceding intervening cause was
fundamentally unfair and denied Petitioner due process of law.

Respondent has filed an answer to the petition contending that it should be denied.

## III.    <u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the

following standard of review for federal habeas cases brought by state prisoners:

An application for a writ of habeas corpus on behalf of a person in custody pursuant
to the judgment of a State court shall not be granted with respect to any claim that
was adjudicated on the merits in State court proceedings unless the adjudication of
the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the Supreme Court
of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the
facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court

arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the

state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable

application" occurs when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409; *see also Pinchon v. Myers*, 615 F.3d 631,

638–39 (6th Cir. 2010) (same). A federal habeas court may not "issue the writ simply because that

4

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *William*s, 529 U.S. at 410–11.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003). The AEDPA thus "imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)); *see also Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state[-]court's decision." *Harrington v. Richer*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized that it "bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state[-]court's decision conflicts with" the Supreme Court's precedents. *Harrington*, 131 S. Ct. at 786. Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia*, 443 U.S.

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

307, 332 n. 5 (1979)) (Stevens, J., concurring in judgment)).  Therefore, in order to obtain habeas

relief in federal court, a state prisoner is required to show that the state court's rejection of his claim

"was so lacking in justification that there was an error well understood and comprehended in

existing law beyond any possibility for fairminded disagreement."  *Id*. at 786–87.

A state court's factual determinations are presumed correct on federal habeas review.  *See*

28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption only with clear and

convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).  Moreover, habeas

review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, _ U.S. _, 131

S. Ct. 1388, 1398 (2011).

## IV.   Analysis

### A.   Evidentiary Claim

Petitioner first claims that he is entitled to habeas relief because the trial court erred in

admitting evidence of his 2004 OUIL arrest and evidence of other instances of intoxication.

Respondent contends that this claim is not cognizable upon habeas review and lacks merit.

The Michigan Court of Appeals denied relief on this claim.  The court ruled that while the

OUIL evidence was improperly admitted under state law, any error in admitting the evidence was

harmless given the significant evidence of guilt presented at trial.  The court further ruled that the

challenge to other evidence of intoxication was waived, that some such testimony was not actually

admitted, and that any evidence of prior intoxication was also harmless.  *Czuj*, 2008 WL 4330191

at *2-3.

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof.  Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993).  "Trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment."  *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *McGuire*, 502 U.S. at 69–70); *see also Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (citing *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007)); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Accordingly, to the extent that Petitioner asserts that the trial court erred in admitting the evidence under Michigan law, he merely alleges a state law violation which does not entitle him to federal habeas relief.  *See, e.g., Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007); *Wheeler v. Jones*, 59 F. App'x 23, 28 (6th Cir. 2003).  State courts are the final arbiters of state law and the federal courts will not intervene in such matters.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).

Additionally, as to the admission of other acts, the United States Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates

7

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

fundamental conceptions of justice. *See Dowling v. United States*, 493 U.S. 342, 352-53 (1990).[1]

Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates

due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329

F.3d 496, 512 (6th Cir. 2003). Consequently, there is no Supreme Court precedent that the state

court decisions could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). *Id.* at 513; *see also*

*Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Petitioner has thus failed to state a

claim upon which habeas relief may be granted as to this issue.

        Furthermore, even if Petitioner states a cognizable claim, he is not entitled to relief.

Petitioner has not shown that the admission of the other acts evidence rendered his trial

fundamentally unfair. As discussed by the Michigan Court of Appeals, any error in admitting the

disputed evidence was harmless. For purposes of federal habeas review, a constitutional error that

implicates trial procedures is considered harmless if it did not have a "substantial and injurious

effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637

(1993); *see also Fry v. Pliler*, 551 U.S. 112, 117-18 (2007) (confirming that *Brecht* standard applies

in "virtually all" habeas cases); *O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) (habeas court should

grant petition if it has "grave doubt" about whether trial error had substantial and injurious effect

or influence upon the jury's verdict); *Ruelas v. Wolfenbarger*, 580 F.3d 403 (6th Cir. 2009) (ruling

that *Brecht* is "always the test" in this circuit). The prosecution in this case presented significant

---

        [1]While the Supreme Court has addressed whether prior acts testimony is permissible
under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997);
*Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in
constitutional terms.

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

evidence of Petitioner's guilt at trial – including evidence of his alcohol consumption, his blood

alcohol level (as tested three hours after the accident and as estimated at the time of the accident),

the speed of his boat, and his lack of attentiveness while driving.  Consequently, it is highly unlikely

that the reference to a prior OUIL arrest or other instances of intoxication affected the jury's verdict.

At a minimum, this Court cannot conclude that the Michigan Court of Appeals' determination to that

end is unreasonable.  Habeas relief is thus not warranted on this claim.

### B.    **Prosecutorial Misconduct Claim**

Petitioner next asserts that he is entitled to habeas relief because the prosecutor improperly

commented on the fact that he did not testify at trial.  Respondent contends that this claim is not

properly exhausted and that it lacks merit.

The Michigan Court of Appeals described the facts relevant to this claim as follows:

> When defense counsel asked one of his witnesses whether defendant saw a boat that
> he passed before the accident, the witness responded, "Apparently," and explained
> that defendant had gone around the boat. The prosecutor objected, arguing that the
> testimony was speculative. Defense counsel replied that witnesses from this boat had
> testified that they saw defendant's boat go around their boat. The prosecutor
> responded, "And there's no indication from the witnesses that - the Defendant has not
> testified. We can't speculate as to whether he saw it or not without that. It's pure
> speculation." During the ensuing bench conference, defense counsel moved for a
> mistrial, and the trial court admonished the prosecutor. The trial court sustained the
> prosecutor's objection and made a note of defense counsel's motion for a mistrial.
> Although the trial court did not explicitly rule on the motion for a mistrial, it
> instructed defense counsel to ask his next question and continued with the trial. No
> further mention was made of the prosecutor's comment.

*Czuj*, 2008 WL 422019 at *3.

The United States Supreme Court has made clear that prosecutors must "refrain from

improper methods calculated to produce a wrongful conviction."  *Berger v. United States*, 295 U.S.

9

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

78, 88 (1935).  The Supreme Court has also ruled that the Fifth Amendment precludes a prosecutor

from inviting a jury to infer guilt from a criminal defendant's decision not to testify.  *Griffin v.*

*California*, 380 U.S. 609, 615 (1965).  "It is axiomatic that a defendant in a criminal trial need not

testify or produce any evidence, and that a prosecutor may not comment on the absence of such."

*United States v. Bond*, 22 F.3d 662, 669 (6th Cir. 1994).  To prevail on a claim of prosecutorial

misconduct, however, a habeas petitioner must demonstrate that the prosecutor's conduct or remarks

"so infected the trial with unfairness as to make the resulting conviction a denial of due process."

*Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Darden v. Wainwright*, 477 U.S. 168,

181 (1986) (citing *Donnelly*); *Parker v. Matthews*, _ U.S. _, 132 S. Ct. 2148, 2153 (2012)

(confirming that *Donnelly/Darden* is the proper standard).

The Michigan Court of Appeals considered this claim in reviewing the trial court's refusal

to grant a mistrial and denied relief.  The court explained that although the prosecutor's comment

was improper, it was isolated, the trial court gave curative instructions to the jury, and Petitioner had

failed to show that he was prejudiced by the prosecutor's lone remark.  *Czuj*, 2008 WL 4330191 at

*3-4.

The state court's decision is neither contrary to Supreme Court precedent nor an

unreasonable application of federal law or the facts.  While the prosecutor's comment was improper,

it was isolated in nature and made in an effort to argue that a witness could not testify as to what

Petitioner did or did not see on the night of the accident.  The prosecutor did not argue or imply that

the jury should infer guilt based upon Petitioner's decision not to testify at trial.  Petitioner has failed

to show that the prosecutor's lone comment deprived him of a fundamentally fair trial.

10

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

Moreover, any potential prejudice to Petitioner arising from the prosecutor's comment was mitigated by the fact that the trial court instructed the jurors about the elements of the crimes and the burden of proof, stated that the attorneys' questions and arguments are not evidence, and explained that Petitioner had the right not to testify, that they could not consider the fact that he did not testify, and that they could not let his decision not to testify affect their verdict. Jurors are presumed to follow the trial court's instructions. *See Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *United States v. Powell*, 469 U.S. 57, 66 (1984) ("Jurors . . . take an oath to follow the law as charged, and they are expected to follow it."). Simply put, Petitioner has failed to demonstrate that the prosecutor's isolated comment deprived him of a fundamentally fair trial. Habeas relief is not warranted on this claim.

**C.**     **Jury Selection Claims**

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in denying his request for additional peremptory challenges and erred in excusing excused two potential jurors from service during jury voir dire. Respondent contends that these claims are not cognizable on habeas review and that they lack merit.

1.     Peremptory Challenges

Petitioner first asserts that the trial court erred in denying his request for additional peremptory challenges. The Michigan Court of Appeals described the relevant facts as follows:

> Before jury selection began, defense counsel requested additional peremptory challenges based on the wide publicity that this case had received and the fact that an alcohol-related death had occurred. The trial court denied this request, explaining that it had called additional prospective jurors and that challenges for cause were available to address the concerns expressed by defense counsel. On appeal, defendant

11

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

identifies six venire members whom he claims responded tentatively to questions regarding whether they could be fair and impartial. Defendant asserts that these tentative responses came from venire members he "normally would have peremptorily challenged, but for the limited number of challenges available." Of these six venire members, only three, venire members 75, 113, and 139, were impaneled on the jury.[FN2] However, defendant does not articulate how these three jurors demonstrated that they were unable to be fair or impartial.

[FN2.] Defense counsel exercised peremptory challenges to excuse venire members 66 and 96. With respect to venire member 116, defense counsel challenged him for cause, and the trial court excused him.

Venire member 113 worked with the news department of a local radio station, and his father knew the family of the deceased victim and had worked with some of them. In response to the trial court's question about whether he believed the information he received would influence his ability to be fair and impartial, venire member 113 replied that he did not believe it would. When the trial court asked him whether he believed that he would be able to render a verdict based solely on the evidence presented in court and the law as instructed, he responded that he believed he could. Venire member 139 received information about the case through the media and had been the coach of the opposing baseball team of one of the witnesses. Venire member 139 asserted that he understood that this information was not evidence and that he should not consider this information as a juror. When asked if he believed that he could be fair and impartial, he responded affirmatively. Venire member 75 knew about the case from local media as well, and she asserted that she believed she would be fair and impartial and responded that she understood that the news was not evidence and might not be true. Venire member 75 replied that she thought she would be able to base her verdict solely on the evidence admitted at trial and the law as instructed.

*Czuj*, 2008 WL 422019 a *4-5.

State trial courts are granted wide discretion with respect to conducting jury voir dire. *See Mu'Min v. Virginia*, 500 U.S. 415, 424-27 (1991); *Daniels v. Burke*, 83 F.3d 760, 766 (6th Cir. 1996). The United States Supreme Court has repeatedly held that peremptory challenges are not of federal constitutional dimension. *See Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("because peremptory challenges are within the States' province to grant or withhold, the mistaken denial of

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

a state-provided peremptory challenge does not, without more, violate the Federal Constitution");

*United States v. Martinez-Salazar*, 528 U.S. 304, 311 (2000) ("unlike the right to an impartial jury

guaranteed by the Sixth Amendment, peremptory challenges are not of federal constitutional

dimension"); *Georgia v. McCollum*, 505 U.S. 42, 57 (1992) ("This Court repeatedly has stated that

the right to a peremptory challenge may be withheld altogether without impairing the constitutional

guarantee of an impartial jury and a fair trial").

Thus, even if the trial judge in this case somehow erred by failing to award Petitioner

additional peremptory challenges, it was an error of state law that is not cognizable on federal

habeas review. *See generally Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (habeas relief does not

lie for perceived violations of state law). Moreover, as explained by the Michigan Court of Appeals

in denying relief on this claim, *Czuj*, 2008 WL 4330191 at *5, the record indicates that the jurors

at issue believed that they could be fair impartial and there is no evidence that they had preformed

opinions about Petitioner's guilt. Petitioner has not shown that the seated jury was biased against

him. Habeas relief is not warranted on this claim.

2.      Dismissal of Two Jurors

Petitioner relatedly asserts that the trial court erred in dismissing two potential jurors for

cause. The Michigan Court of Appeals described the facts relevant to this claim as follows:

> Venire member 34 disclosed that he had a 2004 DUI conviction from "up north," but
> he was unsure which county. Venire member 32 disclosed that, ten years before the
> trial, he had received a drunk driving ticket in Westland and had a conviction related
> to refusing a Breathalyzer test.
>                                    * * *
> In the instant case, the prosecution challenged venire members 32 and 34 for cause
> because of their prior convictions, and the trial court granted this challenge.

13

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

*Czuj*, 2008 WL 422019 at *6.

It is well-settled that the Sixth Amendment right to a jury trial guarantees a criminal defendant a fair trial by a panel of impartial jurors. *Smith v. Phillips*, 455 U.S. 209, 217 (1982); *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). Qualified jurors need not be totally ignorant of the facts and issues involved. *Murphy v. Florida*, 421 U.S. 794, 799-800 (1975); *Miller v. Webb*, 385 F.3d 666, 673 (6th Cir. 2004). When faced with an allegation of juror bias, the question is whether the prospective juror swore "that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality have been believed." *Patton v. Yount*, 467 U.S. 1025, 1036 (1984); *Holder v. Palmer*, 588 F.3d 328, 344 (6th Cir. 2009). The determination of juror bias in a state criminal trial is one of historical fact. *Patton*, 467 U.S. at 1036. Consequently, a state trial court's decision as to a juror's impartiality is a factual determination entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). *See Williams v. Bagley*, 380 F.3d 932, 953 (6th Cir. 2004) (citing *Bowling v. Parker*, 344 F.3d 487, 519 (6th Cir. 2003)). A state trial court's decision on whether to excuse a prospective juror for cause is entitled to deference on habeas review because of the trial judge's proximity to the venire and the determination of credibility and demeanor that is involved in jury voir dire. *Id.*

In this case, the Michigan Court of Appeals discussed the applicability of Michigan Court Rule 2.511(D)(10) (addressing causal challenges for parties to criminal prosecutions) and went on to find that the trial court did not abuse its discretion in excusing the two venire members for cause. The court explained in pertinent part:

14

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

> In any event, we defer to the trial court's superior ability to assess a venire member's demeanor in deciding whether the venire member would be impartial. *Williams, supra* at 522. The trial court questioned venire member 32 about his conviction and whether he had any bias or prejudice toward either party, and the venire member stated that he did not. However, he also stated that he had "a little problem" with the .08 BAC limit because a person who consumes one drink has "an awful good chance" of being charged with an alcohol-related offense. The prosecutor questioned venire member 34 about his conviction. The trial court had the opportunity to observe the demeanor of both venire members when they answered questions, and it has discretion in determining whether a venire member falls within one of the grounds enumerated in MCR 2.511(D). *See Eccles, supra* at 383; *Williams, supra* at 521.

> Further, defendant does not argue that this alleged error deprived him of a fair and impartial jury, and there is no indication that the seated jurors were not fair and impartial. When a criminal defendant has obtained a fair and impartial jury, he has no valid ground for complaint. *People v. Sharbnow*, 174 Mich App 94, 102; 435 NW2d 772 (1989); *People v. Badour*, 167 Mich App 186, 190; 421 NW2d 624 (1988), *rev'd on other grounds sub nom* 434 Mich 691 (1990). The trial court's decision to grant the prosecutor's challenges for cause falls within the principled range of outcomes and does not constitute an abuse of discretion.

*Czuj*, 2008 WL 4330191 at *6-7.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, Petitioner is not entitled to habeas relief on any claim challenging the Michigan Court of Appeals' interpretation of the Michigan court rules. As discussed *supra*, state courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis*, 497 U.S. at 780; *see also Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860. Second, Petitioner has not demonstrated a violation of his federal constitutional rights. Both potential jurors had drunk driving convictions and one of them expressed concerns about the drunk driving limits. Consequently, it was reasonable for the trial court to excuse them for cause, particularly given the court's unique ability to observe their demeanor during questioning.

15

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

Petitioner has also failed to demonstrate that the seated jury was biased.  In sum, Petitioner has not

shown that the jury selection process impeded his right to a fair trial, nor has he demonstrated that

the impaneled jury was prejudiced against him or otherwise unable to render a fair and impartial

verdict.  Habeas relief is not warranted on this claim.

> **D.** **Jury Instruction Claim**

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court erred in

instructing the jury on causation.  Specifically, he claims that the trial court failed to instruct the

jurors that, if they concluded that the failure to maintain proper navigational lighting was an

intervening, superceding cause, they were required to acquit Petitioner.  Respondent contends that

this claim is barred by procedural default and lacks merit.

Federal habeas relief may be precluded on a claim that a petitioner has not presented to the

state courts in accordance with the state's procedural rules.  *Wainwright v. Sykes*, 433 U.S. 72, 85-87

(1977); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991).  The doctrine of procedural default is

applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied

upon by the state courts, and the procedural rule is "adequate and independent."  *White v. Mitchell*,

431 F.3d 517, 524 (6th Cir. 2006); *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005);

*Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001).  "A procedural default does not bar

consideration of a federal claim on either direct or habeas review unless the last state court rendering

a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural

bar."  *Harris v. Reed*, 489 U.S. 255, 263-64 (1989).  The last *explained* state court judgment should

be used to make this determination.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).

16

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

The Michigan Court of Appeals rendered the last reasoned opinion on this claim.  In denying relief, the court relied upon the failure to object at trial.  *See Czuj*, 2008 WL 4330191 at *8 (finding that Petitioner expressly waived review by not raising an objection).  The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors.  *See People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits.  *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989).  Plain error review does not constitute a waiver of state procedural default rules.  *See Girts v. Yanai*, 501 F.3d 743, 755 (6th Cir. 2007); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000).  Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative.  *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991).  The Michigan Court of Appeals denied relief on this claim based upon a procedural default – the failure to object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).  To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  A petitioner must present

17

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

a substantial reason to excuse the default. *Amadeo v. Zant*, 486 U.S. 214, 223 (1988). Such reasons

include interference by officials, attorney error rising to the level of ineffective assistance of counsel,

or a showing that the factual or legal basis for a claim was not reasonably available. *McCleskey v.*

*Zant*, 499 U.S. 467, 493-94 (1991).

Petitioner neither alleges nor establishes cause to excuse his default. The Court need not

address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural

default. *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir.

1983). Nonetheless, the Court notes that Petitioner cannot establish prejudice as this claim lacks

merit.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a

petitioner must show more than that the instructions are undesirable, erroneous or universally

condemned. Rather, taken as a whole, they must be so infirm that they rendered the entire trial

fundamentally unfair. *Estelle*, 502 U.S. at 72. The failure to give an instruction that is supported

by the evidence does not automatically entitle a petitioner to habeas relief; the failure to instruct

must have rendered the petitioner's trial fundamentally unfair. *Cupp v. Naughten*, 414 U.S. 141, 147

(1973); *Daniels v. Lafler*, 501 F.3d 735, 741 (6th Cir. 2007). A failure to instruct does not deprive

a petitioner of fundamental fairness when the instructions as a whole adequately present the defense

theory to the jury. *Duckett v. Godinez*, 67 F.3d 734, 743 (9th  Cir. 1995). "An omission, or an

incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson*,

431 U.S. at 155. State law instructional errors rarely form the basis for federal habeas relief.

*Estelle*, 502 U.S. at 71-72.

18

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

In this case, the record indicates that the trial court accurately instructed the jury about the elements of the charged offenses, the burden of proof, and other relevant matters.  As to causation, the trial court instructed the jurors that they must find both factual and proximate cause beyond a reasonable doubt.  The trial court explained that the jurors must determine whether the death and injuries that occurred were the direct and natural result of Petitioner's actions and whether an intervening cause may have superceded and severed the causal link.  The court explained superceding cause and the effect of gross negligence or intentional misconduct by a third person.  Such instructions were sufficient to inform the jury about proximate cause and to satisfy due process.  Petitioner has failed to establish that the jury instructions, taken as a whole, rendered his trial fundamentally unfair.

Petitioner has also not demonstrated that a fundamental miscarriage of justice has occurred.  The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent.  *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Moreover, actual innocence means factual innocence, not mere legal insufficiency.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Petitioner makes no such showing.  This claim is thus barred by procedural default, lacks merit, and does warrant habeas relief.

19

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

## V.      Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims and that the petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits.  *Id*. at 336-37.  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack*, 528 U.S. at 484-85.

Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims and that reasonable jurists could not debate the correctness of the Court's procedural ruling.  A certificate of appealability is not warranted.

20

Grant Czuj v. Mary Berghuis
Case No. 2:10-CV-10392

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED**

**WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 28, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 28, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant